IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TONIA MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-00279 |
| ) | |
| DETECTIVE TIM HURTT, ) | Judge Hon. Jane M Beckering |
| ROBERT PECK, RUSSELL BELL, ) | |
| BRIAN HUNTER, ) | Magistrate Hon. Sally J. Berens |
| and the CITY OF BATTLE CREEK, ) | |
| a municipal corporation, and the ) | |
| COUNTY OF KALAMAZOO, ) | |
| MICHIGAN, a municipal corporation,) | |
| all jointly and severally, ) | |
| ) | |
| Defendants. ) | |

### **PLAINTIFF'S REPONSE TO DEFENDANT CITY OF BATTLE CREEK'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**NOW COMES** the Plaintiff, TONIA MILLER, by and through her attorneys, Erickson & Oppenheimer, and responds to the City of Battle Creek's Motion to Dismiss, as follows:

### **INTRODUCTION**

1) On July 1, 2024, Defendant City of Battle Creek filed both a Motion to Dismiss pursuant to FRCP 12(b)(6) and a Brief in Support of that Motion. Dkts. 18 & 19 respectively.

1

2) On today's date, July 22, 2024, Plaintiff Miller filed a First Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), in response to Defendant Battle Creek's filings and this Honorable Court's Order of July 3, 2024. Dkt. 22

3) The First Amended Complaint addresses what is listed as "Argument II" in Defendant City of Battle Creek's Brief. Dkt. 19, at 9. The Brief makes it clear that the Motion applies to two specific Counts of the original complaint: Counts V and VII. The First Amended Complaint specifies in the body of Count VII the allegations that spell out the *Monell* claim against the City of Battle Creek and were incorporated in Count VII through the incorporation language of Paragraph 88 of the original complaint. Dkt. 1, at 25.

4) Although Defendant City of Battle Creek's Motion to Dismiss (Dkt. 18) is ambiguous as to the relief sought—merely stating that it asks this Court for an order "dismissing the claims against it with prejudice," the accompanying Brief (Dkt. 19) is more specific and addresses the two counts with some measure of specificity.

5) Plaintiff is now responding because there are issues to be addressed in the Brief (Dkt. 19), despite the filing of the First Amended Complaint.

6) First, "Argument I" of the Brief (Dkt. 19, at 9) addresses the Indemnification Count V. Defendant City of Battle Creek is correct that the Michigan

2

Statute, MCL 691.1408, is discretionary and not mandatory. The Catch-22 for the Plaintiff is that because this decision is discretionary, it becomes a moving target at the whim of the defendant. By seeking to have Count V dismissed before the municipality has made a decision on whether to indemnify Defendant Hurtt, the Defendant City of Battle Creek could request the 12(b)(6) dismissal of the count, then after it is dismissed, make the decision to indemnify Defendant Hurtt. At this stage, it is premature for Battle Creek to seek to dismiss Count V, when it has not indicated its discretionary choice. Defendant City of Battle Creek also points to no deficiency in the notice pleading requirement of Count V and thus has not stated a basis for it to dismissed pursuant to FRCP 12(b)(6).

7) The ambiguity arises because, in its Brief, Defendant City of Battle Creek states that "Plaintiff's claims against the City and Det. Hurtt must fail." Dkt. 19, at 3. It is improper for Defendant City of Battle Creek to seek to dismiss any counts against Defendant Hurtt when it has filed no appearance on his behalf and has made no indication that it represents him in any capacity.

8) Further, at the end of Defendant City of Battle Creek's "Statement of Law" section, it states that, "Plaintiff's complaint fails to meet these pleading standards and should be dismissed as it relates to all Defendants." Dkt. 19, at 9. It is unclear to Plaintiff whether this is simply boiler plate language, but it would be improper for Defendant City of Battle Creek to speak for the other Defendants in

this case who are represented by independent counsel and for whom, as far as Plaintiff is aware at this stage, there is no Joint Representation Agreement for the respective Defendants. Defendant City of Battle Creek makes no representation that they speak for the other Defendants, that they represent them, or that there has been a Motion to Join by the other represented Defendants. Based on this fact, and the lack of developed argument on this point, it would be improper for this Honorable Court to determine that this is a valid prayer for relief. The argument section of Defendant City of Battle Creek's Brief makes it clear that they are only contesting Counts V and VII.

9) Additionally, Defendant City of Battle Creek makes the assertion, with no developed argument, that "no violation of federal rights took place" and makes a glancing reference to Counts II, III, IV and seems to introduce a possible affirmative defense of Qualified Immunity. Dkt. 19, at 11. Defendant City of Battle Creek makes these assertions on behalf of Defendant Hurtt, but, as stated above, the City seems to be fighting indemnification of Defendant Hurtt in Argument I, and has given no indication that it represents him or his interests in this case.

> WHEREFORE, because Plaintiff has now amended her complaint to address the *Monell* claim in further detail and has now provided Defendant City of Battle Creek with the specificity it requested based on *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009), she respectfully requests that this Honorable Court Deny the Motion to Dismiss as applied to Count VII. Further, because Defendant City of Battle Creek has made not determination on Indemnification, Plaintiff respectfully requests that this Honorable Court Deny Battle Creek's request as to Count V as being premature. Finally, as to any blanket claims of requested dismissal as to parties that Defendant City of Battle Creek does not represent, Plaintiff requests that this Honorable Court determine that they have not been well plead in either Defendant City of Battle Creek's Motion or Brief, and therefore must be denied.

                                        Respectfully submitted,

                                        <u>/s/ Michael Oppenheimer</u>

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 612
Chicago, IL 60606
312-327-3370

## **CERTIFICATE OF SERVICE**

      Jon Neuleib, a licensed attorney, states that on July 22, 2024, the foregoing Response was served on all attorneys of record via ECF.

/s/ Jon Neuleib

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 612
Chicago, IL 60606
312-327-3370