UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONIA MILLER,

      Plaintiff,

v.

DETECTIVE TIM HURTT,
ROBERT PECK, RUSSELL BELL, BRIAN
HUNTER and the CITY OF BATTLE
CREEK, a municipal corporation, and the
COUNTY OF KALAMAZOO MICHIGAN,
a municipal corporation, all jointly and
severally,

      Defendants.

No. 1:24-cv-00279-JMB-SJB

HON. JANE M. BECKERING

MAG. SALLY J. BERENS

**BRIEF IN SUPPORT OF
DEFENDANTS ROBERT PECK
AND RUSSELL BELL'S
MOTION TO DISMISS**

**ORAL ARGUMENT REQUESTED**

Jon Neuleib
Attorney for Plaintiff
Erickson & Oppenheimer LTD
223 W. Jackson Blvd., Ste. 612
Chicago, IL 60606
(312) 327-3370
jonn@eolawus.com

C. Marcel Stoetzel III (P61912)
Ian D. Wright (P61839)
Attorneys for Defendant, City of Battle
Creek
10 N. Division St., Ste. 207
Battle Creek, MI 49014
(269) 966-3385
cmstoetzel@battlecreekmi.gov
idwright@battlecreekmi.gov

Allen C. Vander Laan (P33893)
Kristen L. Rewa (P73043)
Attorneys for Defendant, County of
Kalamazoo
Cummings, McClorey, Davis
& Acho
2851 Charlevoix Dr. SE, Ste. 203
Grand Rapids, MI 49546
(616) 975-7470
avanderlaan@cmda-law.com
krewa@cmda-law.com

Terracina B. Echols (P81598)
Melissa L. Bianchi (P87474)
Attorneys for Defendants, Robert Peck and
Russell Bell
Michigan Dep't of Attorney General
Health, Education & Family Services
Division
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0280
echolst1@michigan.gov
bianchim3@michigan.gov

**BRIEF IN SUPPORT OF
DEFENDANTS ROBERT PECK AND RUSSELL BELL'S
MOTION TO DISMISS**

**ORAL ARGUMENT REQUESTED**

Terracina B. Echols (P81598)
Melissa L. Bianchi (P87474)
Assistant Attorneys General
Attorneys for CPS Defendants
MI Dep't of Attorney General
3030 W. Grand Blvd., Ste 10-200
Detroit, MI 48202
(313) 456-0280
Echols1@michigan.gov
Bianchim3@michigan.gov

# TABLE OF CONTENTS

Page

Table of Contents..........................................................................................................iii

Index of Authorities...................................................................................................... v

Concise Statement of Issues Presented .......................................................................... x

Controlling or Most Appropriate Authority.................................................................xii

Introduction .................................................................................................................. 1

Statement of Facts......................................................................................................... 2

Standard of Review........................................................................................................ 5

Argument ...................................................................................................................... 6

I.      CPS Defendants are immune from Plaintiff's claims. ........................................ 6

        A.      Claims brought against government officials in their official
                capacity are barred by the Eleventh Amendment. ................................. 7

        B.      CPS Defendants, in their capacity as legal advocates, are
                entitled to absolute immunity against Plaintiff's federal claims. .......... 9

                1.      CPS Defendants are entitled to absolute immunity in
                        their role as legal advocates. ...................................................... 9

                2.      CPS Defendants cannot be held liable for testimony
                        during Plaintiff's criminal trial. ............................................... 11

        C.      CPS Defendants are entitled to qualified immunity. .......................... 12

II.     Plaintiff fails to state viable claims for which relief can be granted
        against CPS Defendants. ................................................................................ 15

        A.      Plaintiff fails to plead sufficient facts to establish a due process
                claim................................................................................................... 16

        B.      Plaintiff pleads insufficient facts for a malicious prosecution
                claim................................................................................................... 19

        C.      Plaintiff fails to plead sufficient facts to establish a conspiracy
                claim................................................................................................... 20

D.    Plaintiff fails to state a failure to intervene claim. ............................... 22

Conclusion and Relief Requested ................................................................. 23

Certificate of Compliance ........................................................................... 24

Certificate of Service .................................................................................. 25

# INDEX OF AUTHORITIES

Page

**Cases**

*Abick v. Michigan,*
    803 F.2d 874 (6th Cir. 1986) .................................................................. 8

*Alabama v. Pugh,*
    438 U.S. 781 (1978) .............................................................................. 7

*Alden v. Maine,*
    527 U.S. 706 (1999) .............................................................................. 7

*Ashcroft v. al-Kidd,*
    563 U.S. 731 (2011) ............................................................................ 13

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ......................................................................... 5, 6

*Barber v. Miller,*
    809 F.3d 840 (6th Cir. 2015) ............................................................... 14

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................ 15

*Brady v. Maryland,*
    373 U.S. 83 (1963) ............................................................................. 18

*Briscoe v. LaHue,*
    460 U.S. 325 (1983) ............................................................................ 11

*Brosseau v. Haugen,*
    543 U.S. 194 (2004) ............................................................................ 13

*Bruner v. Dunaway,*
    684 F.2d 422 (6th Cir. 1982) ............................................................... 22

*Carten v. Kent State Univ.,*
    282 F.3d 391 (6th Cir. 2002) ................................................................. 8

*Chaney-Snell v. Young,*
    98 F.4th 699 (6th Cir. 2024) ............................................................... 22

*Chapman v. City of Detroit,*
    808 F.2d 459 (6th Cir. 1986) ................................................................. 6

*Coeur d'Alene Tribe of Idaho,*
   521 U.S. 261 (1997) ............................................................................. 8

*DeShaney v. Winnebago Cty DSS,*
   489 U.S. 189 (1989) ..................................................................... 22, 23

*District of Columbia v. Wesby,*
   138 S. Ct. 577 (2018) ........................................................................ 12

*Doe v. Wigginton,*
   21 F.3d 733 (6th Cir. 1994) ............................................................. 17

*Ex parte Young,*
   209 U.S. 123 (1908) ............................................................................. 8

*Harris v. City of Akron,*
   20 F.3d 1396 (6th Cir. 1994) .......................................................... 17

*Hernández v. Mesa,*
   137 S. Ct. 2003 (2017) ................................................................. 12, 13

*Holloway v. Brush,*
   220 F.3d 767 (6th Cir. 2000) ............................................................ 9

*Hooks v. Hooks,*
   771 F.2d 935 (6th Cir. 1985) ....................................................... 20, 21

*Hunter v. Bryant,*
   502 U.S. 224 (1991) ..................................................................... 12, 13

*Jamison v. Child Protective Servs.,*
   No. 1:17-CV-559, 2017 U.S. Dist. LEXIS 166988, at *10-11 (W.D. Mich.
   Oct. 10, 2017)....................................................................................... 10

*Jasinski v. Tyler,*
   729 F.3d 531 (6th Cir. 2013) .......................................................... 17

*Johnson v. Unknown Dellatifa,*
   357 F.3d 539 (6th Cir. 2004) ............................................................. 8

*Key v. Grayson,*
   179 F.3d 996 (6th Cir. 1999) ....................................................... 13, 15

*Kyles v. Whitley,*
   514 U.S. 419 (1995) .......................................................................... 18

*LaChance v. Erickson*,
    522 U.S. 262 (1998) ........................................................................................ 17

*Langdon v. Skelding*,
    524 F. App'x 172 (6th Cir. 2013) .................................................................. 15, 20

*Malley v. Briggs*,
    475 U.S. 335 (1986) ........................................................................................ 13

*Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n. Inc.*,
    287 F.3d 568 (6th Cir. 2002) ............................................................................ 5

*Miller v. Maddox*,
    866 F.3d 386 (6th Cir. 2017) .......................................................................... 19

*Mills v. Barnard*,
    869 F.3d 473 (6th Cir. 2017) .......................................................................... 18

*Moir v. Greater Cleveland Reg'l. Transit Auth.*,
    895 F.2d 266 (6th Cir. 1990) ............................................................................ 5

*Mullenix v. Luna*,
    136 S. Ct. 305 (2015) ................................................................................. 12, 13

*Pennhurst State Sch. & Hosp. v. Halderman*,
    465 U.S. 89 (1984) ........................................................................................ 7, 8

*People v. Miller*,
    No. 249412, 2004 WL 2534367 (Mich. Ct. App. Nov. 9, 2004) ............................. 2

*People v. Miller*,
    No. 346321, 2020 WL 4554873 (Mich. Ct. App. Aug. 6, 2020) ............................. 2

*People v. Miller*,
    No. 346321, 2021 WL 1326733 (Mich. Ct. App. Apr. 8, 2021) .............................. 2

*Pittman v. Cuyahoga Cty Dep't of Children & Family Servs.*,
    640 F.3d 716 (6th Cir. 2011) .............................................................. 9, 10, 11, 17

*Place v. Shepherd*,
    446 F.2d 1239 (6th Cir. 1971) ........................................................................... 6

*Plumhoff v. Rickard*,
    572 U.S. 765 (2014) ........................................................................................ 12

*Saucier v. Katz*,
    33 U.S. 194 (2001) .......................................................................................... 12

*Shehee v. Luttrell,*
    199 F.3d 295 (6th Cir. 1999) ................................................................. 17

*Sperle v. Michigan Dep't of Corr.,*
    297 F.3d 483 (6th Cir. 2002) ................................................................. 22

*Sykes v. Anderson,*
    625 F.3d 294 (6th Cir. 2010) ................................................................. 19

*Taylor v. Barkes,*
    135 S. Ct. 2042 (2015) ......................................................................... 13

*Terrance v. Northville Regional Psychiatric Hosp.,*
    286 F.3d 834 (6th Cir. 2002) .......................................................... 6, 16

*Turner v. Lowen,*
    823 F. App'x 311 (6th Cir. 2020) ............................................... 9, 10, 11

*Verizon Md., Inc. v. Pub. Serv. Comm'n,*
    535 U.S. 635 (2002) ............................................................................... 8

*Washington v. Glucksberg,*
    521 U.S. 702 (1997) ............................................................................. 17

*Wayne v. Village of Sebring,*
    36 F.3d 517 (6th Cir. 1994) ................................................................. 13

*Wells v. Brown,*
    891 F.2d 591 (6th Cir. 1989) ................................................................. 7

*White v. Pauley,*
    137 S. Ct. 548 (2017) ..................................................................... 12, 13

*Whittington v. Milby,*
    928 F.2d 188 (6th Cir. 1991) ................................................................. 7

*Women's Med. Prof'l Corp. v. Baird,*
    438 F.3d 595 (6th Cir. 2006) ............................................................... 17

## Rules

Fed. R. Civ. P. 12 ......................................................................................... 1

Fed. R. Civ. P. 12(b)(1) ............................................................................... 5

Fed. R. Civ. P. 12(b)(6) ............................................................................... 5

**Constitutional Provisions**

U.S. Const. Amends. 4 ................................................................................. 18

U.S. Const. Amends. 14 ............................................................................... 18

## CONCISE STATEMENT OF ISSUES PRESENTED

1.      Should the Court dismiss this lawsuit because the Eleventh Amendment bars Plaintiff's claims against CPS Defendants?

CPS Defendants' answer:            Yes.

Plaintiff's presumed answer:       No.

2.      Should the Court dismiss Plaintiff's claims because CPS Defendants are entitled to absolute immunity for any actions taken in their capacity as legal advocates?

CPS Defendants' answer:            Yes.

Plaintiff's presumed answer:       No.

3.      Should the Court dismiss Plaintiff's claims brought against CPS Defendants because they are entitled to qualified immunity?

CPS Defendants' answer:            Yes.

Plaintiff's presumed answer:       No.

4.      Should the Court dismiss Plaintiff's due process claim where she has failed to state a sufficient factual basis?

CPS Defendants' answer:            Yes.

Plaintiff's presumed answer:       No.

5.     Should the Court dismiss Plaintiff's malicious prosecution claim where she has failed to state a sufficient factual basis?

CPS Defendants' answer:          Yes.

Plaintiff's presumed answer:     No.

6.     Should the Court dismiss Plaintiff's conspiracy claim where she has failed to state a sufficient factual basis?

CPS Defendants' answer:          Yes.

Plaintiff's presumed answer:     No.

7.     Should the Court dismiss Plaintiff's failure to intervene claim where she has failed to state a sufficient factual basis?

CPS Defendants' answer:          Yes.

Plaintiff's presumed answer:     No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>*Authority*</u>:

- *Alabama v. Pugh*, 438 U.S. 781 (1978);

- *Pittman v. Cuyahoga Cty Dep't of Children & Family Servs.*, 640 F.3d 716 (6th Cir. 2011);

- *Briscoe v. LaHue*, 460 U.S. 325 (1983);

- *Hernández v. Mesa*, 137 S. Ct. 2003 (2017);

- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007);

- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009);

- *Jasinski v. Tyler*, 729 F.3d 531 (6th Cir. 2013);

- *Miller v. Maddox*, 866 F.3d 386 (6th Cir. 2017);

- *Webb v. United States*, 789 F.3d 647 (6th Cir. 2015); and

- *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982).

## INTRODUCTION

Defendants Robert Peck and Russell Bell ("CPS Defendants") bring this motion in lieu of an Answer as permitted by Fed. R. Civ. P. 12, as none of the allegations contained within Plaintiff Tonia Miller's Amended Complaint (ECF No. 23) represent actionable claims against these Defendants.

Plaintiff filed this action, challenging the investigation involving the death of her minor daughter A.D., which resulted in her conviction for second degree murder.  CPS Defendants were caseworkers with Children's Protective Services ("CPS") at the time of the criminal investigation conducted by the City of Battle Creek's police department.

Plaintiff's claims against CPS Defendants should be dismissed because they are barred by various immunities under law.  Additionally, in Counts I through IV, Plaintiff fails to allege sufficient factual allegations, against CPS Defendants, to state a claim for which relief can be granted.

For these reasons, the Court should dismiss all claims asserted against CPS Defendants.

## STATEMENT OF FACTS

The following facts are drawn from Plaintiff's Amended Complaint.  (Am. Compl., ECF No. 23.)  While CPS Defendants are not in a position to confirm the veracity and completeness of the facts alleged, they will be relied upon for the purposes of this motion only.

Plaintiff is the mother of two girls, A.D. and K.M.  (*Id.*, PageID.122, ¶7.)  In 2003, Plaintiff was found guilty of murder in the second degree.  (*Id.*, PageID.136, ¶51.)  The conviction resulted from the death of her child, A.D., which was concluded at the time to be because of Shaken Baby Syndrome or Abusive Head Trauma.  (*Id.*)  Plaintiff's conviction was affirmed on appeal.  *See People v. Miller*, No. 249412, 2004 WL 2534367 (Mich. Ct. App. Nov. 9, 2004) (attached as Exhibit A).  But years later, a new group of experts determined that the child's death occurred due to a combination of pneumonia and other natural causes.  (*See id.*, PageID.137, ¶54.)  And as a result, Plaintiff's conviction was ultimately vacated.[1]

Plaintiff now brings claims against the City of Battle Creek and the County of Kalamazoo, as well as multiple individuals who were allegedly involved in the investigation that led to her conviction.  (*See id.*, PageID.123-125.)  Included are CPS Defendants, who are employees of the Michigan Department of Health and

---

[1] This matter has a lengthy and complex appellate history.  *See People v. Miller*, No. 346321, 2020 WL 4554873 (Mich. Ct. App. Aug. 6, 2020) (attached as Exhibit  B); *see also People v. Miller*, No. 346321, 2021 WL 1326733 (Mich. Ct. App. Apr. 8, 2021) (attached as Exhibit  C).

Human Services.[2]  It is unclear whether CPS Defendants are being sued in their official capacity, or as individuals.  However, it appears that Plaintiff's claims as to these Defendants are premised upon alleged actions and/or omissions in their capacity as CPS workers.  (*Id.*, PageID.123, ¶¶12-13.)

The Amended Complaint's statement of facts is lengthy and difficult to decipher as to why CPS Defendants are being sued.  Indeed, outside of the identification of the parties, there is little mention of CPS Defendants.  The majority of the allegations supporting Plaintiff's claims appear to pertain to actions by the individual Defendants (Dr. Brian Hunter and Dr. Robert Beck) who participated in the diagnosis and autopsy of A.D., and who later testified regarding the believed cause of death.  (*See id.*, PageID.130-134, ¶¶30-45.)  Plaintiff does not allege that CPS Defendants had a role in the diagnosis, nor in determining A.D.'s cause of death.

There are only two specific actions attributed to CPS Defendants.  First, in the "Parties" section of the Amended Complaint, Plaintiff vaguely alleges that CPS Defendants "received direction from Defendant Hurtt to interview Tonia Miller without a lawyer present."  (*Id.*, PageID.123, ¶¶12-13.)  Later, in Count VII, it is alleged that Defendant Hurtt conspired with CPS Defendants to obtain a false inculpatory statement from Plaintiff.  (*Id.*, PageID.147, ¶95.)  But nowhere does the Amended Complaint provide details as to when or how this allegedly occurred, or

---

[2] Plaintiff mistakenly believes that CPS Defendants are Kalamazoo County employees, which they are not.

that Plaintiff was in custody at the time of the interview.  Instead, based on other allegations contained in the Amended Complaint, CPS Defendants were acting in their official capacity as CPS workers investigating child abuse at the time of the interview.  (*See id.*, PageID.147-148, ¶¶95-100.)

Second, it is alleged that Defendant Peck testified as a prosecution witness during the criminal trial and testified that Plaintiff told him that "she shook A.D. 'after milk poured out of the child's nose.'"  (*Id.*, PageID.136, ¶50.)  Plaintiff does not allege that Defendant Bell provided any such testimony during the trial.  (*See id.*)

Of the remaining allegations as to CPS Defendants, most are conclusory, and there is no mention of specific actions by CPS Defendants as individuals.  For example, Plaintiff frequently alleges the existence of a "conspiracy" without further explanation as to actions specific to CPS Defendants.  (*See id.*, PageID.123, 139-141, ¶¶12-13, 62, 66, 74.)  Similarly, many of Plaintiff's allegations related to the investigation and trial repeatedly lump all named Defendants together without attributing specific actions to each of the individuals named.  (*See id.*, PageID.124, 139, ¶¶14-15, 62.)

Plaintiff's Amended Complaint presents a variety of claims, but not all apply to each of the individually named defendants.  (*Id.*, PageID.139-148, ¶¶61-100.)  Specific to CPS Defendants, Plaintiff brings several claims under 42 U.S.C. § 1983, including violation of due process (Count I), malicious prosecution (Count II), conspiracy to deprive constitutional rights (Count III), and failure to intervene (Count (IV).  (*Id.*, PageID.139-142.)

This lawsuit seeks only money damages.  Plaintiff alleges damages based on loss of liberty, loss of wages, and attorneys' fees, as well as damages for emotional pain and suffering.  (*Id.*, PageID.137-138, ¶¶56, 58.)

## STANDARD OF REVIEW

Rule 12(b)(1) allows for dismissal for lack of jurisdiction over the subject matter.  Fed. R. Civ. P. 12(b)(1).  A party may assert lack of subject matter jurisdiction at any time, either in a pleading or in a motion.  Fed. R. Civ. P. 12(b)(1).  "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n. Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citing *Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "plausibility" review is "a context-specific task" that requires the reviewing court to determine whether the plaintiff has not just "alleged," but pleaded facts sufficient to "show[]," an entitlement to relief that is actually plausible, and not merely "conceivable" or "possible."  *Id*. at 679-80.  "[F]acts that are merely consistent with a defendant's liability" are not enough.  *Id*. at 678.  And in making this assessment, courts are only to consider facts that are truly well pleaded—they are not to take as true "legal conclusions," including when "couched as a factual allegation," nor "mere

conclusory statements" or "naked assertions devoid of further factual enhancement." *Id.* at 678–79.

Further, courts have long held that it is not sufficient for § 1983 complaints to "contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). "Some factual basis for such claims must be set forth in the pleadings." *Id.* (citing *Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971)). The Sixth Circuit has adopted the requirement that a plaintiff must allege "with particularity" what each defendant did to violate the plaintiff's constitutional rights. *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

## ARGUMENT

### I.    CPS Defendants are immune from Plaintiff's claims.

Counts I through IV are brought under 42 U.S.C. § 1983. It also appears that they are premised on allegations related to CPS Defendants' official duties as CPS workers, or alternatively, as to testimony provided as witnesses during a criminal proceeding. Accordingly, these claims, to the extent there are valid allegations against CPS Defendants, are barred by immunity and should be dismissed for all the reasons set forth in Subsections I (A) through (C) below.

A.    **Claims brought against government officials in their official capacity are barred by the Eleventh Amendment.**

Plaintiff is suing CPS Defendants in their official capacity and has brought claims pursuant to 42 U.S.C. § 1983.[3]  The United States Constitution, Amendment XI, provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Eleventh Amendment to the United States Constitution prevents a state from being sued in federal court without its consent.  *Alabama v. Pugh,* 438 U.S. 781, 782 (1978).  An unconsenting state is immune from lawsuits brought in federal court by its own citizens, as well as by citizens of another state.  *Alden v. Maine*, 527 U.S. 706, 712-713 (1999).  The Eleventh Amendment is a constitutional restriction on the federal judicial power "based in large part on 'the problems of federalism inherent in making one sovereign appear against its will in the courts of the other.'"  *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).

The U.S. Supreme Court has consistently ruled that the Eleventh Amendment is a bar to lawsuits against states, state agencies or state departments unless specifically overridden by an act of Congress, or unless the state has consented to be sued.  *Id.*; *Pugh,* 438 U.S. at 782.  A suit against a State, a state agency or its department, or a state official is in fact a suit against the State and is

---

[3] It is well-settled in this Circuit that, absent a clear indication that § 1983 defendants are being sued in their individual capacities, courts must assume that they are being sued in their official capacities, only.  *See Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir. 1991); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989).

barred "regardless of the nature of the relief sought." *Pennhurst*, 465 U.S. at 100-02 (citations omitted).

Eleventh Amendment immunity is subject to three exceptions: (1) congressional abrogation; (2) waiver by the State; and (3) "a suit against a state official seeking prospective injunctive relief to end a continuing violation of federal law." *See Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002) (citations omitted).  Congress did not abrogate the States' sovereign immunity when it enacted 42 U.S.C. § 1983.  *Will v. Michigan State Police*, 491 U.S. 58, 66 (1985).  Also, the State of Michigan has not waived its immunity.  *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)).

Further, Plaintiff's claims against CPS Defendants in their official capacity do not fall within the exceptions rising from the Supreme Court's decision in *Ex parte Young*, 209 U.S. 123 (1908).  "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (quoting *Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring)).  Here, Plaintiff is seeking money damages, which clearly do not fall into the *Ex Parte Young* doctrine because they are not for equitable relief.  Therefore, Plaintiff's claims should be dismissed pursuant to the Eleventh Amendment.  *Will*, 491 U.S. at 71.

**B.    CPS Defendants, in their capacity as legal advocates, are
entitled to absolute immunity against Plaintiff's federal claims.**

Plaintiff appears to bring claims against CPS Defendants based on an
investigation, and subsequent testimony by Defendant Peck (and possibly
Defendant Bell) at Plaintiff's criminal trial.  But CPS Defendants are entitled to
absolute immunity against these claims in their capacity as legal advocates related
to a CPS investigation.  Also, Congress has not abrogated common-law witness
immunity.  And as best as CPS Defendants can tell, Plaintiff is trying to assert
liability against their testimony given at Plaintiff's criminal trial.  Accordingly,
Plaintiff's claims should be dismissed because CPS Defendants, in their official
capacity, are entitled to absolute immunity and all claims are subject to dismissal.

**1.    CPS Defendants are entitled to absolute immunity in
their role as legal advocates.**

CPS workers are entitled to absolute immunity for any actions taken "in their
capacity as a legal advocate." *Pittman v. Cuyahoga Cty Dep't of Children & Family
Servs.*, 640 F.3d 716, 725 (6th Cir. 2011) (internal quotations omitted).  "The scope
of immunity enjoyed by social workers is remarkably broad." *Turner v. Lowen*, 823
F. App'x 311, 317 (6th Cir. 2020).  Moreover, when acting as a legal advocate, a
social worker making the decision relating to what evidence to present or withhold
in a hearing, is entitled to absolute immunity.  *Holloway v. Brush*, 220 F.3d 767,
776 (6th Cir. 2000).

This immunity for CPS workers applies when the worker is "initiating court
actions or testifying under oath." *Id.* at 775.  For example, "family service workers

are absolutely immune from liability in filing a juvenile abuse petition, due to their quasi-prosecutorial function in the initiation of child abuse proceedings." *Pittman*, 640 F.3d at 724-25 (internal quotations omitted).

And similarly, immunity applies to CPS workers' testimony, even if that testimony is based on false or inaccurate statements. *Id.* at 725-26; *see also Turner*, 823 F. App'x at 317 ("A social worker, for example, is absolutely immune not only from negligent misrepresentations to the court, but also knowing and intentional misrepresentations.") (internal citations omitted); *Jamison v. Child Protective Servs.*, No. 1:17-CV-559, 2017 WL 4510629, at *4 (W.D. Mich. Oct. 10, 2017) ("immunity applies even if [the CPS defendant] made intentional misrepresentations to the state court") (Attached as Exhibit D).

Here, Plaintiff appears to bring claims based upon Defendant Peck's (and possibly Defendant Bell's) testimony during the criminal trial. (Am. Compl., ECF No. 23, PageID.136, ¶50.)  Plaintiff also vaguely alleges that both CPS Defendants conspired with Defendants Hurtt, Beck, and Hunter to deprive Plaintiff of her constitutional rights to a fair trial, withheld exculpatory evidence, and fabricated false reports and other evidence to mislead and misdirect the criminal prosecution. (*Id.*, PageID.139, ¶63.)  It is not clear if this misconduct relates to the trial testimony or some other evidentiary issue during the criminal trial.  But to the extent Plaintiff's allegations relate to either, CPS Defendants are absolutely immune.

Further, even assuming some type of misconduct occurred, CPS Defendants' alleged actions of misconduct fall squarely within the immunity afforded to them. *See Pittman*, 640 F.3d at 725-26; *see also, e.g.*, *Turner*, 823 F. App'x at 317-18 (granting CPS workers absolute immunity from claims that they made "misrepresentations and omissions" in the petition for removal, failed to provide "exculpatory information," and did not "adequately investigate" the case causing prolonged placement of the child); *Rippy v. Hattaway*, 270 F.3d 416, 423 (6th Cir. 2001) (granting absolute immunity from claims based on the CPS worker's investigation because the investigation formed the recommendation regarding the child's placement, which is "intimately related to the judicial phase of the child custody proceeding").

### 2.    CPS Defendants cannot be held liable for testimony during Plaintiff's criminal trial.

The Supreme Court has held that Congress did not abrogate common-law witness immunity. *Briscoe v. LaHue*, 460 U.S. 325, 325 (1983).  Moreover, the Court ruled that neither a government official, nor other witness can be held liable for damages based on their testimony given at a criminal trial. *Id.* at 326.  All witnesses "are absolutely immune from civil liability based on their testimony in judicial proceedings." *Id.* at 328.

Here, Plaintiff asserts that Defendant Peck testified as a witness for the prosecution at Plaintiff's criminal trial and implies testimony from Defendant Bell as well.  (Am. Compl., ECF No. 23, PageID.136, 139 ¶¶50, 63.)  But witnesses

cannot be held liable for damages based on their testimony.  As such, any of
Plaintiff's claims against either of the CPS Defendants based on alleged criminal
trial testimony must fail.

### C.    CPS Defendants are entitled to qualified immunity.

Plaintiff has not properly plead claims against CPS Defendants in their
individual capacities.  But even if she had, such claims would also be barred by law.
This is because qualified immunity protects government officers from liability under
§ 1983 if they (1) have not "violated a federal statutory or constitutional right" (2)
that was "clearly established at the time."  *See District of Columbia v. Wesby*, 138 S.
Ct. 577, 589 (2018); *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam).  The
existence of the right must be "settled" and "beyond debate."  *Wesby*, 138 S. Ct. at
589 (internal quotations omitted) (citing *Hunter v. Bryant*, 502 U.S. 224, 228 (1991)
(per curiam)); *White v. Pauley*, 137 S. Ct. 548, 552 (2017) (per curiam) (quoting
*Mullenix*, 136 S. Ct. at 308) (plaintiffs must demonstrate that there is case law that
puts the "statutory or constitutional question beyond debate.").

A right is clearly established if "it would be clear to a reasonable officer that
his conduct was unlawful in the [particular] situation he confronted."  *Hernández v.
Mesa*, 137 S. Ct. 2003, 2007 (2017) (per curiam) (quoting *Saucier v. Katz*, 33 U.S.
194, 202 (2001)); *see also Wesby*, 138 S. Ct. at 589; *Plumhoff v. Rickard*, 572 U.S.
765, 779 (2014) (describing clearly established right as one that is "sufficiently
definite that any reasonable official . . . would have understood that he was
violating it").  Accordingly, only the facts known or "knowable" to the officer in the

moment may be considered when evaluating immunity.  *Hernández*, 137 S. Ct. at 2007 (citing *White*, 137 S. Ct. at 550).  This analysis must be "particularized" and not framed in broad or high-level terms.  *White*, 137 S. Ct. at 552 (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)); *see also Mullenix*, 136 S. Ct. at 308 ("The dispositive question is whether the violative nature of particular conduct is clearly established.").  In other words, unless a prior relevant case "squarely governs" an officer's conduct, qualified immunity prevents liability from attaching.  *See Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (per curiam).  To find that a clearly established right exists, "the district court must find binding precedent by the Supreme Court, [the Sixth Circuit], the highest court in the state in which the action arose, or itself, so holding."  *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994).  Moreover, it is not up to CPS Defendants to prove that the law was not clearly established.  Rather, "[t]he burden of convincing a court that the law was clearly established rests squarely with the plaintiff."  *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999).

Put simply, "qualified immunity protects all but the plainly incompetent or those who knowingly violate the law."  *See Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (per curiam) (quoting *Ashcroft*, 563 U.S. at 743); *see also Hunter*, 502 U.S. at 229 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)) ("The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'").

13

Here, Plaintiff brings claims under 42 U.S.C. § 1983 alleging that CPS Defendants violated her constitutional rights.  And even if the Court finds that Plaintiff alleges sufficient factual allegations to state a violation of her constitutional rights, CPS Defendants remain shielded from liability because the purported rights that Plaintiff claims were violated were not clearly established during the time frame stated in Plaintiff's Amended Complaint.  As alleged, CPS Defendants were acting in their official capacity as CPS workers at the time they investigated and interviewed Plaintiff regarding suspected child abuse.  And there simply is no caselaw from the Supreme Court, the Sixth Circuit, the Michigan Supreme Court, or this judicial district that establishes (1) the Due Process Clause bars CPS investigations against parents or requires CPS investigations to be conducted in a manner the parent desires; (2) the Due Process Clause bars CPS workers from interviewing parents; or (3) that the Fourth and Fourteenth Amendments or other any other federal law prohibits CPS workers from later testifying in criminal proceedings.  To the contrary, the Sixth Circuit has explained in several cases, there is not "a constitutional right to be free from child abuse investigations." *Barber v. Miller*, 809 F.3d 840, 847 (6th Cir. 2015).  Furthermore, the Sixth Circuit has explained that a mere investigation into child abuse allegations is not an infringement of a right.  *Id.*  CPS workers are statutorily required to investigate reports of abuse and neglect.  *See* Mich. Comp. Laws § 722.628.  The manner in which child abuse and neglect investigations are conducted are clear discretionary acts and accordingly do not create any protected liberty

14

interests giving rise to procedural due process claims. *Langdon v. Skelding*, 524 F. App'x 172, 177-78 (6th Cir. 2013). Unless Plaintiff can identify precedent of a clearly established right at the time (which she cannot), the CPS Defendants are each entitled to qualified immunity. *See Key*, 179 F.3d at 1000.

## II.    Plaintiff fails to state viable claims for which relief can be granted against CPS Defendants.

Plaintiff's claims here are clearly barred by immunity. But even if they were permitted by law, it is not specifically clear from the Amended Complaint what CPS Defendants have done/failed to do that would subject them to liability under any of the theories alleged by Plaintiff.

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 US at 678. The plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 US at 555. The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true. *Id.*

15

Here, the Amended Complaint is vaguely written.  For example, rather than provide facts supporting each count, Plaintiff repeatedly states "in the manner described more fully above."  (Am. Compl., ECF No. 23, PageID.139-142, ¶¶62, 63, 66, 72, 78.)  Yet, the only specific facts described "above" pertain to (a) Defendant Peck's trial testimony corroborating Plaintiff's prior statement, and (b) CPS Defendants' interview of Plaintiff.  Moreover, Plaintiff repeatedly lumps together all Defendants, seemingly arguing that CPS Defendants are guilty by association.  Thus, it is unclear to CPS Defendants what acts or omissions Plaintiff is claiming that resulted in each alleged constitutional violation because Plaintiff did not plead with particularity what each defendant did.  This alone is fatal for § 1983 claims.  *Terrance*, 286 F.3d at 842.  What is more, the claims against CPS Defendants are rife with conclusory statements lacking sufficient information.  Plaintiff's allegations are thus "naked assertions devoid of further factual enhancement."  As such, Plaintiff's claims pertaining to CPS Defendants should be dismissed for failure to state any viable claim.

### A.    Plaintiff fails to plead sufficient facts to establish a due process claim.

It is not entirely clear whether Plaintiff is alleging procedural or substantive due process violations.  To plead a procedural due process claim, the plaintiff must allege "(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the . . . interest."

*Jasinski v. Tyler*, 729 F.3d 531, 541 (6th Cir. 2013) (quoting *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)); *see also Pittman*, 640 F.3d at 729. Where a protected interest is deprived, the plaintiff should receive "notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 (1998); *Pittman*, 640 F.3d at 729.

To establish a substantive due process claim, a plaintiff must allege that: (1) she was deprived of a right, privilege, or immunity secured by the Federal Constitution or the laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Doe v. Wigginton,* 21 F.3d 733, 738 (6th Cir. 1994). Fundamental rights include the right to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, and to bodily integrity. *Washington v. Glucksberg*, 521 U.S. 702, 20 (1997). The Sixth Circuit recognizes two types of substantive due process violations: "(1) official acts that are unreasonable and arbitrary and may not take place no matter what procedural protections accompany them, and (2) official conduct that 'shocks the conscience.'" *Harris v. City of Akron*, 20 F.3d 1396, 1405 (6th Cir. 1994) (internal citations and quotation marks omitted). "Actions meet this high standard if they are an egregious abuse of governmental power." *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999).

Furthermore, to prevail on a fair trial § 1983 claim based on fabrication of evidence, a plaintiff must prove that (1) an investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that

information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result.  U.S. Const. Amends. 4, 14; 42 U.S.C. § 1983; *Mills v. Barnard*, 869 F.3d 473, 484 (6th Cir. 2017).  And a violation of due process by withholding evidence occurs when (1) evidence is suppressed, by the prosecution, that is favorable to the defendant (2) that is material to either guilt or punishment, and (3) reasonably would have changed the outcome of the trial.  *Kyles v. Whitley*, 514 U.S. 419, 432 (1995); *see also Brady v. Maryland*, 373 U.S. 83 (1963).  The Sixth Circuit extended the obligation to police officers and expert witnesses.  *Mills*, 869 F.3d at 485.

Here, Plaintiff asserts that she was deprived her constitutional right to a fair trial because the individual defendants withheld exculpatory evidence, as well as fabricated false reports and other evidence, thereby misleading and misdirecting the criminal prosecution.  (Am. Compl., ECF No. 23, PageID.139, ¶63.)  But it is wholly unclear what role, if at all, CPS Defendants had in any of these allegations.  The only allegations pertaining to the CPS Defendants concern (a) testimony during Plaintiff's criminal trial and (b) the interview of Plaintiff during the CPS investigation.  And nowhere in the Amended Complaint does Plaintiff assert that CPS Defendants withheld or falsified evidence, or that CPS Defendants testimony was the result of being called as expert witnesses.  In fact, it is completely unclear from the Amended Complaint what evidence is alleged to have been withheld or fabricated.

Also, CPS Defendants are not police officers or prosecutors.  As alleged, they were acting in their official capacity as CPS workers at the time of the interview,

and Defendant Peck (and possibly Defendant Bell) later testified as a witness during the criminal trial.  Thus, any due process claims against CPS Defendants fail because Plaintiff has failed to allege sufficient facts as to these Defendants supporting their involvement in any purported due process violation.

Lastly, Plaintiff does not allege a violation of a fundamental right—or enough personal involvement by CPS Defendants—to establish a substantive due process claim.  Therefore, Count I of the Amended Complaint should be dismissed.

### B.    Plaintiff pleads insufficient facts for a malicious prosecution claim.

Malicious prosecution requires a showing "that (1) a criminal prosecution was initiated against [the plaintiff] and [the defendant] made, influenced, or participated in the prosecution decision; (2) there was no probable cause to support the charges; (3) as a result of the legal proceedings, [the plaintiff] suffered a deprivation of liberty 'apart from the initial seizure'; and (4) the criminal proceedings ended in [the prosecutor's] favor," *Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017) (quoting *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010).

Here, there is no evidence showing the CPS Defendants made, influenced, or participated in the decision to criminally prosecute.  Again, CPS Defendants are CPS workers—not police officers or prosecutors.  And as previously explained, the only specific facts alleged pertain to trial testimony and an interview of Plaintiff during a CPS investigation.  Also, to whatever extent Plaintiff is alleging an improper CPS investigation, as said before, CPS workers are statutorily required to

19

investigate reports of abuse and neglect.  *See* Mich. Comp. Laws § 722.628.
Moreover, how an investigation is conducted is discretionary, which does not create
a protected liberty interest that would give rise to a procedural due process claim.
*Langdon*, 524 F. App'x at 177-78.

Finally, as discussed above, Plaintiff has failed to state a due process claim
against CPS Defendants.  And Plaintiff is alleging mere conclusory statements that
CPS Defendants "knew Plaintiff was innocent", without providing any factual
support to indicate the plausibility of the assertion, much less relevance.  (Am.
Compl., ECF No. 23, PageID.140, ¶66.)  Whether CPS Defendants knew of
Plaintiff's innocence is wholly irrelevant as they were not the triers of fact in
Plaintiff's criminal trial.  As a result, Plaintiff's malicious prosecution claim in
Count II must fail.

## C.    Plaintiff fails to plead sufficient facts to establish a conspiracy claim.

"A civil conspiracy under § 1983 is an agreement between two or more
persons to injure another by unlawful action."  *Webb v. United States*, 789 F.3d 647,
670 (6th Cir. 2015) (internal quotations and citations omitted).  To plead a civil
conspiracy under § 1983, the plaintiff must allege facts demonstrating "that (1) a
'single plan' existed; (2) defendants 'shared in the general conspiratorial objective' to
deprive the plaintiff of his constitutional rights, and (3) 'an overt act was committed
in furtherance of the conspiracy that caused [the plaintiff's] injury.'"  *Id.* (quoting
*Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)).  In addition, "[i]t is well-settled

that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under *Bivens* or § 1983." *Id.* (citation omitted).

Here, Plaintiff alleges an agreement was made between all individual Defendants and other unknown co-conspirators to prosecute Plaintiff. (Am. Compl., ECF No. 23, PageID.141, ¶72.)  But no additional information is provided as to how such a conspiracy transpired.  Again, Plaintiff asserts conclusory allegations that "these co-conspirators conspired to accomplish an unlawful purpose by an unlawful means." (*Id.*, PageID.141, ¶73.)  But there is no specificity whatsoever to what unlawfulness occurred.  And even if an overt act existed, the Plaintiff utterly fails to provide any facts, much less vague facts, to establish what overt act by CPS Defendants caused Plaintiff any injury.  (*Id.*, PageID.141, ¶74.)  Nor does the Amended Complaint allege that CPS Defendants were acting outside the scope of their official capacity as CPS workers when they interviewed Plaintiff.  Also, because it has been clearly established that CPS Defendants have not deprived the Plaintiff of any constitutional rights, the claim should fail.

Finally, among all other arguments, there is also no specificity of a claim against CPS Defendants.  Instead, Plaintiff merely restates the elements of a conspiracy and inflates the claim with meaningless jargon and no "*factual enhancement*" to make the claim plausible.  Thus, Count III should also be dismissed because Plaintiff fails to plead sufficient facts to meet any of the required elements for a conspiracy claim under § 1983.

21

**D.     Plaintiff fails to state a failure to intervene claim.**

The Sixth Circuit Court has held that law enforcement officers can be liable under § 1983 "when inaction fails to perform a statutorily imposed duty to enforce the laws equally and fairly, and thereby denies equal protection to persons legitimately exercising rights guaranteed them under state or federal law." *Bruner v. Dunaway*, 684 F.2d 422, 426 (6th Cir. 1982).  A failure to intervene claim includes a two-part test which holds officers liable for failing to stop excessive force.  *Chaney-Snell v. Young*, 98 F.4th 699, 722 (6th Cir. 2024).  First, that the officer observed or had reason to know that excessive force would be or was being used.  *Id.*  Second, that the officer had both the opportunity and the means to prevent the harm from occurring.  *Id.*

Here, Plaintiff's Amended Complaint does not allege that CPS Defendants were acting as law enforcement officers when they conducted their CPS investigation nor when testifying at Plaintiff's criminal trial.  Indeed, the Amended Complaint alleges only that CPS Defendants "stood by" while Plaintiff's constitutional rights were being violated.  (Am. Compl., ECF No. 23, PageID.142, ¶78.)  And even if Plaintiff wanted to somehow assert that CPS workers had an affirmative duty to act, that argument would still fail.  That is because the due process clause limits the States power to act, it does not confer an affirmative right to government assistance.  *Sperle v. Michigan Dep't of Corr.*, 297 F.3d 483, 490–91 (6th Cir. 2002).  Under the due process clause, the State must protect from deprivation of "the life, liberty, and property, without due process of law." *DeShaney v. Winnebago Cty DSS*, 489 U.S. 189 (1989) at 194.  The due process

22

clause is a limitation and not a guarantee of "certain minimal levels of safety and security." *Id.* at 195.  The language cannot be extended to ensure that the protections afforded under the due process clause "do not come to harm through other means." *Id.*  Therefore, if the due process clause does not require the State to provide its citizens with protection, then CPS Defendants cannot be held liable for injuries that could have been avoided had they not just "stood by."

Also, the Amended Complaint is devoid of allegations supporting how "the misconduct described in this Count was objectively unreasonable." (Am. Compl., ECF No. 23, PageID.142, ¶79.)  If Plaintiff is arguing that CPS Defendants chose to stand by, that allegation is highly subjective if anything at all.  And without more facts, this statement by itself is merely conclusory.  Thus, because Plaintiff's Amended Complaint fails to sufficiently allege facts supporting that CPS Defendants had an affirmative duty to intervene on the Plaintiff's behalf, Count IV should be dismissed.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, CPS Defendants respectfully request that the Court grant their motion to dismiss all claims against them with prejudice and any other appropriate relief the Court deems reasonable.

Respectfully submitted,


/s/ *Terracina B. Echols*
Terracina B. Echols (P81598)
Melissa L. Bianchi (P87474)
Assistant Attorneys General
Attorneys for CPS Defendants
MI Dep't of Attorney General
3030 W. Grand Blvd., Ste 10-200
Detroit, MI 48202
(313) 456-0280
Echolst1@michigan.gov
Bianchim3@michigan.gov

Dated:  August 23, 2024



## CERTIFICATE OF COMPLIANCE

Defendants Robert Peck and Russell Bell, in compliance with 7.2(b)(i) used

**5,802** words in its Brief in Support of its Motion to Dismiss.  Microsoft Word Office

365 is the word processing software used to generate the word count in the above

brief.


/s/ *Terracina B. Echols*
Terracina B. Echols (P82305)
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2024, I electronically filed the above document

and Defendants Robert Peck and Russell Bell's Motion to Dismiss using the ECF

System which will send notification of such to all represented parties.


/s/ *Terracina Echols*
Terracina B. Echols (P81598)
Assistant Attorney General