**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

TONIA MILLER,                          )
                                       )
                                       )
              Plaintiff,               )
                                       )
      v.                               )    Case No. 1:24-cv-00279
                                       )
DETECTIVE TIM HURTT,                   )    Judge Hon. Jane M Beckering
ROBERT PECK, RUSSELL BELL,             )
BRIAN HUNTER,                          )    Magistrate Hon. Sally J. Berens
and the CITY OF BATTLE CREEK,          )
a municipal corporation, and the       )
COUNTY OF KALAMAZOO,                   )
MICHIGAN, a municipal corporation,)
all jointly and severally,             )
                                       )
              Defendants.              )

**PLAINTIFF'S REPONSE TO DEFENDANT COUNTY OF KALAMAZOO'S**
**MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL**
**PROCEDURE 12(b)(6)**

**NOW COMES** the Plaintiff, TONIA MILLER, by and through her

attorneys, Erickson & Oppenheimer, and responds to the County of Kalamazoo's

Motion to Dismiss, as follows:

**INTRODUCTION**

1)      On July 31, 2024, Defendant County of Kalamazoo filed a Motion to

Dismiss pursuant to FRCP 12(b)(6). Dkt. 28.

1

2)    On, July 22, 2024, Plaintiff Miller filed a First Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), in response to Defendant Battle Creek's filings and this Honorable Court's Order of July 3, 2024. Dkt. 22.

3)    The First Amended Complaint puts Defendant County of Kalamazoo on notice that Peck and Bell conspired with Detective Hurtt to obtain a false confession from Plaintiff Miller. Dkt. 23, ¶ 95. The First Amended Complaint makes clear that the application of the *Monell* rule is because of the actions of their employees and the sanctioning of those deprivations of Plaintiff's constitutional rights through the policy, custom and practices that allowed those employees to act in such a manner and cause such harm to Plaintiff.

## STANDARD OF REVIEW

4)    Under the notice pleading regime of the Federal Rules of Civil Procedure, the plaintiffs' complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

5)    When considering a motion to dismiss, the Court shall "construe all of the plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). In order to state a claim, the complaint need only make out a "plausible account" of the plaintiff's entitlement to relief. *Agema v. City of Allegan,* 826 F.3d 326, 331 (6th Cir. 2016). The Supreme Court has held that "[a] claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The *Iqbal* court stressed that applying the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6)    Under Monell and its progeny, there are four ways a plaintiff can demonstrate a policy, practice, or custom that could allow for municipal liability: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (*quoting Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).

7)    Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the... claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555*)*.

8)      The County of Kalamazoo is attempting to require fact pleading from Plaintiff, but Monell does not subject a plaintiff to a higher standard of pleading. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

## ARGUMENT

9)      The First Amended Complaint squarely addresses the allegations that Defendant County of Kalamazoo makes in Section 1 of its argument section. Dkt. 28, at 1. The First Amended Complaint specifies in the body of Count VII the allegations that spell out the *Monell* claim against the City of Battle Creek and were incorporated in Count VIII through the incorporation language of Paragraph 96. Dkt. 23.

10)      The First Amended Complaint explicitly states that the allegations are that, when the issue is the death or injury of a child, the pursuit of that case is that the investigation is allowed, by the custom and practice of the County of Kalamazoo, to be inadequate and that the veracity of the case is not thoroughly tested. *Id*. Essentially, the allegations is that the standards for fairness and truth-seeking are significantly lowered when there is a dead child. Defendant County of Kalamazoo quotes the very language that describes the *Monell* claim in its own Motion. Dkt. 28, at 4.

4

11)     Defendant County of Kalamazoo seems to be reading the *Burgess* decision as requiring fact pleading on custom and practice cases. *Id*., at 5. Burgess dealt with an after-the-fact approval of the investigation and was a self-admitted single act case. *Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013). The Sixth Circuit clearly stated that "Fischer's after-the-fact approval of the investigation, which did not itself cause or continue a harm against Burgess, was insufficient to establish the *Monell* claim." *Id*.  The inadequacy of the claim in *Burgess* was based on the lack of any allegation of a true pattern and practice. *Id*. In the present case, the First Amended Complaint explicitly states that there existed a pattern of inadequate investigations in the Family Independence Agency of the Kalamazoo County Children's Protective Services when the matter was the death of a child. Dkt. 23, ¶98-100. Defendant County of Kalamazoo claims that *Burgess* stands for the proposition that there must be a pleading of prior instances of abuse. Dkt. 28, at 5. However, *Burgess*, actually only uses that standard for failure to train cases. 735 F.3d, at 478. The First Amended Complaint makes it clear that there was something much more insidious going on in the Family Independence Agency of the Kalamazoo County Children's Protective Services.

12)     Defendant County of Kalamazoo then addresses the Indemnification Count VI. Defendant City of County of Kalamazoo is correct that the Michigan Statute, MCL 691.1408, is discretionary and not mandatory. The Catch-22 for the

Plaintiff is that because this decision is discretionary, it becomes a moving target at the whim of the defendant. By seeking to have Count VI dismissed before the municipality has made a decision on whether to indemnify Defendants Peck and Bell, the Defendant County of Kalamazoo could request the 12(b)(6) dismissal of the count, then after it is dismissed, make the decision to indemnify their employees. At this stage, it is premature for Kalamazoo seek to dismiss Count VI, when it has not indicated its discretionary choice. Defendant County of Kalamazoo also points to no deficiency in the notice pleading requirement of Count VI and thus has not stated a basis for it to dismissed pursuant to FRCP 12(b)(6).

WHEREFORE, because Plaintiff has now amended her complaint to address the *Monell* claim in further detail and has now provided Defendant County of Kalamazoo with the specificity required under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), she respectfully requests that this Honorable Court Deny the Motion to Dismiss as applied to Count VIII. Further, because Defendant County of Kalamazoo has not made a determination on Indemnification, Plaintiff respectfully requests that this Honorable Court Deny Kalamazoo's request as to Count VI as being premature.

Respectfully submitted,

/s/ Michael Oppenheimer

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 612
Chicago, IL 60606
312-327-3370

## CERTIFICATE OF SERVICE

Jon Neuleib, a licensed attorney, states that on July 26, 2024, the foregoing Response was served on all attorneys of record via ECF.


/s/ Jon Neuleib

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 612
Chicago, IL 60606
312-327-3370